UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN H. OLIVER, II,
    Plaintiff,

v.                              Case No.: 3:24cv316/TKW/ZCB

TANYANEKIA JOHNSON,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action *pro se* by filing a complaint. (Doc. 1). The complaint names Tanyanekia Johnson as the sole Defendant. The complaint appears to seek a reevaluation of Plaintiff's child support payments to Defendant. (*Id.* at 5). On July 15, 2024, the Court issued an order requiring Plaintiff to show cause, within fourteen days, as to why his case should not be dismissed for lack of jurisdiction. (Doc. 3). That deadline has passed, and Plaintiff has not responded. Accordingly, this matter should be dismissed.

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction

1

is based upon either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction exists when an action arises under federal law. 28 U.S.C. § 1331. Actions arise under federal law "when a federal question is presented on the face of" the well-pleaded complaint, such as when federal law creates the cause of action that entitles the plaintiff to relief. *Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005). Claims based on state law generally do not confer federal question jurisdiction. *See Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

A second way to invoke federal subject matter jurisdiction is through diversity jurisdiction. Diversity jurisdiction exists when the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Diversity jurisdiction requires that the parties be "completely diverse," meaning the plaintiff and defendant cannot be citizens of the same state. *Underwriters at Lloyd's v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010).

The burden to establish federal subject matter jurisdiction rests on the party asserting it. *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir.

2002). Before dismissing a case for lack of subject matter jurisdiction, the court should provide the plaintiff with notice and an opportunity to respond. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Having reviewed Plaintiff's complaint, it provides no basis for federal subject matter jurisdiction. The complaint does not reference federal law. Rather, the complaint seeks a "re-evaluation" of Plaintiff's monthly child support payments to Defendant. (Doc. 1 at 8). He has provided the Court with no reason to believe that federal law governs the child support dispute.

Plaintiff's complaint also fails to establish diversity jurisdiction. Plaintiff lives in Florida (*id.* at 2), and he failed to provide an address for Defendant. Thus, he has not established complete diversity. Nor does his complaint plausibly allege damages that exceed the jurisdictional threshold of $75,000. Moreover, Plaintiff's complaint appears to be asking for a federal court to review a state court's child support determination. (*Id.* at 5). The *Rooker-Feldman* doctrine generally bars lower federal courts from reviewing state court decisions involving child support. *See, e.g., Brown v. Coffin*, 766 F. App'x 929 (11th Cir. 2019)

(affirming the district court's dismissal of plaintiff's case for lack of subject matter jurisdiction when plaintiff sought federal court review of state court child-support and enforcement orders).

Before recommending dismissal for lack of subject matter jurisdiction, the Court provided Plaintiff with notice and an opportunity to respond by way of the show cause order. Plaintiff had until July 29, 2024 to explain why his case should not be dismissed for lack of subject matter jurisdiction. He did not respond.

For the reasons above, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 8th day of August 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's

findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.